UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
NAKKIA MERCED,                                    **MEMORANDUM AND ORDER**

                                                  17-cv-4918 (KAM)

              Plaintiff,

        -against-


JOSEPH PONTE, CHARLES McFAUL,
NANCY CHAFETZ, RUDY WASHINGTON,
JOHN B. SPOONER, DEPARTMENT OF
CORRECTION, CIVIL SERVICE COMMISSION,
NEW YORK CITY OFFICE OF ADMINISTRATIVE
TRIALS AND HEARINGS, CITY OF NEW YORK,


              Defendant.
----------------------------------------x

**MATSUMOTO, United States District Judge:**

              Plaintiff Nakkia Merced, ("plaintiff" or "Merced"),

brings this action against defendants Joseph Ponte, Department

of Correction ("DOC"), Civil Service Commission ("CSC" or

"Commission"), Charles McFaul, Nancy Chaffetz, Rudy Washington,

the New York City Office of Administrative Trials and Hearings

("OATH"), John B. Spooner, and the City of New York alleging,

violations of the Fourteenth Amendment to the United States

Constitution, 42 U.S.C.§ 1983, N.Y. Civil Service Law § 75, and

N.Y. Civil Rights Law § 50-a in connection with defendants'

alleged conspiracy to deprive plaintiff of her federally

protected rights. (*See* ECF No. 15, Amended Complaint

1

("Compl.").) Plaintiff alleges, in the Amended Complaint, that plaintiff's OATH hearing, the termination of her employment and the denial of her CSC appeal violated her due process rights. (Compl. at ¶¶ 146, 173, 184, 192.) In the Amended Complaint, plaintiff seeks declaratory relief, injunctive relief, actual damages and punitive damages. (Compl. at ¶ 195.)

## I.  Background

Plaintiff passed the written civil service examination to become a New York City Correction Officer and was appointed on November 1, 2007 by permanent appointment to be a Probation Officer subject to a probationary term.[1]  (Compl. at ¶ 21.) Plaintiff completed the probationary term and was retained by the DOC and acquired tenure. (*Id.* ¶ 22.)  Plaintiff was a "competitive class civil service employee who held her position by permanent appointment and could not be removed except for incompetency or misconduct, shown after a hearing upon stated charges pursuant to [N.Y. Civil Service Law] § 75." (*Id.* ¶ 25.) After years without incident, she was accused of engaging in undue familiarity with, and receiving two telephone calls from an inmate while working at Rikers Island in September 2012 and

---

[1] For the purposes of the instant Motion to Dismiss, the court deems the material facts alleged by plaintiff in the Amended Complaint to be true. The facts provided in this Memorandum and Order are taken from plaintiff's Amended Complaint unless otherwise stated. The court also considers those exhibits attached to the Amended Complaint, documents referenced in the Amended Complaint, and documents relied on in bringing the instant action. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

November 2012, in violation of DOC rules.  (*Id*. ¶ 27.)
Specifically, plaintiff was recorded in two telephone
conversations with an inmate in DOC custody where she told an
inmate, *inter alia*, that she loved him and shared personal
information about a different correction officer with the
inmate.  (*See* Compl. ¶¶ 10, 27; ECF No. 15, Ex. 3 to Compl.,
Excerpt of Report and Recommendation by Administrative Law Judge
John Spooner, dated August 19, 2014 ("Report and
Recommendation"), at 57[2]; ECF No. 26, Declaration of Gary Moy
("Moy Decl."), Ex. A, Report and Recommendation, at 24-26).)
Plaintiff also spoke with another inmate by telephone during one
of the conversations.  (*See* ECF No. 26, Moy Decl. at 26.)

　　　　Merced had no disciplinary record during her tenure as
a correction officer until the two violations that led to her
dismissal, and "categorically denie[d] any wrongdoing" related
to the September 2012 and November 2012 communications.  (Compl.
¶¶ 28-29.)  Plaintiff did not deny that the telephone
conversations took place, however.  According to Merced, "[t]he
disciplinary charges made against Merced were considered minor
by DOC's written informal disciplinary policy . . . and listed
as a 'Schedule D' violation subject to a 'Loss of four (4)

---

[2] Page numbers cited herein refer to the numbers assigned by the Electronic
Case Filing System ("ECF") except where paragraph citations are used and
where otherwise indicated.

vacation days, or Four (4) days compensation time.'"  (*Id*. at ¶ 36 (citing Compl., Ex. 1*, Department of Correction Directives*, at 40-43, 46-48).)

On July 18, 2014, a formal disciplinary hearing on the two accusations was conducted by OATH Administrative Law Judge ("ALJ") John B. Spooner pursuant to N.Y. Civil Service Law § 75. (*Id*. ¶¶ 44-46.)  Plaintiff was represented by counsel at the hearing, had the opportunity to present evidence and witnesses in her defense and had the opportunity to cross-examine DOC's witnesses.  (*Id*., Ex. 3, at 57; Moy Decl., Ex. A, Report and Recommendation at 26.)   Plaintiff testified on her own behalf and admitted speaking to an inmate in DOC custody, and DOC presented audio recordings and transcripts of the telephone calls plaintiff had with the inmate, along with testimony from another officer, a captain and an investigator.  (Moy. Decl., Ex. A, Report and Recommendation at 24-26.)  ALJ Spooner issued a Report and Recommendation after the hearing on August 19, 2014, however, plaintiff contends that the Report and Recommendation was a nullity as the hearing conducted by ALJ Spooner was void.  (Compl. ¶¶ 50-51.)

Plaintiff alleges that because defendant Spooner had no legal authority to conduct the initial disciplinary hearing held on July 18, 2014 the hearing and the report and recommendation flowing from it were void.  (*Id*. ¶¶ 44-46.)

4

Further, she alleges that DOC failed to follow its own written policy regarding infractions of the type she was accused of and instead ordered plaintiff to undergo formal disciplinary action and appear at OATH for a formal hearing pursuant to N.Y. Civil Service Law § 75.  (*Id.* ¶¶ 37-38.)  This occurred despite what plaintiff cited as a failure in procedure: she was directed to appear at an OATH hearing, even though she alleges that OATH was not authorized to conduct Section 75 hearings as OATH is not a natural person.  (*Id.* ¶¶ 37-38.)  Plaintiff also alleges that ALJ Spooner was required to receive written authorization for the hearing from the Commissioner of Correction and never received such authorization.  (*Id.* ¶¶ 46-48.)

On November 10, 2014, the DOC Commissioner at the time, Joseph Ponte, issued a decision adopting the Report and Recommendation of ALJ Spooner, "after a complete review of the record and the report and recommendation of the Honorable John B. Spooner, Administrative Law Judge, [who was] duly designated to conduct a disciplinary hearing on the charges and specifications."  (*See* Compl. ¶¶ 53-54; Compl., Ex. 4, Dismissal Determination, at 59.)  The decision, which was addressed to plaintiff at her home address, found plaintiff guilty of incompetency and misconduct and terminated plaintiff from the Department of Correction effective immediately as a penalty. (Compl., Ex. 4, at 59.)  The decision also informed plaintiff of

her right to appeal, stating, "Under the provision of Section 76 of the Civil Service Law, you are entitled to appeal from this determination by application either to the Civil Service Commission or to a court in accordance with the provisions of Article 78 of the Civil Practice Law and Rules," and emphasizing that, "a decision of the Commission is final and conclusive." (*Id.*) Plaintiff alleges that she was arbitrarily deprived of her property rights without due process of law, in violation of the Fourteenth Amendment to the United States Constitution, when Commissioner Ponte unlawfully relied on ALJ Spooner's report and recommendation to dismiss her from her tenured civil service on November 10, 2014. (Compl. ¶¶ 52-55.)

Plaintiff, through the same counsel that represented her at her OATH hearing, appealed the DOC decision to the Civil Service Commission ("CSC") pursuant to N.Y. Civil Service Law § 76. (Compl., Ex. 5, at 62.) On March 26, 2015, CSC heard oral argument on plaintiff's appeal from the DOC determination that terminated her employment. (*Id.*) On June 29, 2015, the CSC affirmed the DOC decision and Merced's termination. (*Id.* at 63.) The Vice Chair of the CSC, Rudy Washington, dissented and recommended modifying the penalty to a suspension of time served given "the nature of the proven misconduct and the Appellant's tenure and prior disciplinary record." (*Id.* at 64.) Merced alleges that Koehler & Isaacs, LLP, who was retained by her

union to represent her at the OATH hearing and on appeal, filed
an appeal on her behalf to CSC, without first informing Merced
of her right to appeal directly to the courts under CPLR Article
78. (Compl. ¶ 56.) Merced also alleges that the attorney who
represented her failed to contest OATH's jurisdiction or raise
any valid defenses on appeal because he was working with the
City Defendants as part of a larger scheme to deprive her of due
process of law. (*Id*. ¶¶ 59-60.) Merced also alleges that the
CSC failed to review the transcript of the disciplinary hearing,
in violation of N.Y. Civil Service Law § 76, as the CSC came to
a determination that she believes it could not have reached had
they reviewed the transcript. (*Id*. ¶¶ 61-64.)

On October 7, 2015, Merced petitioned the Supreme
Court of the State of New York, New York County for relief from
the OATH decision pursuant to NY CPLR Article 78, including,
"reinstating her to her civil service position with seniority,
back pay and benefits; and for such other and further relief as
to this court may seem just and appropriate." (Moy Decl., Ex.
B., Verified Petition to Supreme Court ("Verified Petition"),
ECF No. 26-1, at 4.) In her Verified Petition, plaintiff named
as respondents all but one of the parties named herein as
defendants and raised the same substantive claims she raises in

the instant case.[3]  (*See Generally Id*.)  The CSC, Nancy Chaffetz,

Rudy Washington, DOC, New York City Department of Administrative

Service and the other municipal defendants, and plaintiff's

former counsel all moved to oppose the Article 78 petition. (ECF

No. 30-1, Reply Declaration of Gary Moy ("Moy. Reply Decl."),

Ex. A, *Nakkia Merced v. N.Y.C. Civil Service Comm'n*, Index No.

101833/15 at 3 (Sup. Ct., N.Y. Cty., April 19, 2018).  At the

time the Amended Complaint was filed, there was no disposition

in the state court case, however, since that time the state

court dismissed plaintiff's Article 78 petition on April 18,

2018 and denied plaintiff's motion for reconsideration on August

15, 2018.  (*Id*.); *see also* Denial of Motion for Reconsideration,

*Nakkia Merced v. N.Y.C. Civil Service Comm'n*, Index No.

101833/15 at 3 (Sup. Ct., N.Y. Cty., June 21, 2018).  In its

decision denying the Article 78 petition, the Supreme Court

found, "With respect to the motion to dismiss by the municipal

respondents, Civil Service Law § 76 (3) is clear that '[t]he

decision of such civil service commission shall be final and

conclusive, and not subject to further review in any court',"

except where constitutional issues were implicated.  (*Id*. at 3.)

The court found that plaintiff "failed to raise any

---

[3] Plaintiff named the Department of Citywide Administrative Services as a
defendant in the Article 78 proceedings, but in the instant proceeding she
names the New York City Office of Administrative Trials and Hearings (OATH)
and not the Department of Citywide Administrative Services.

constitutional grounds justifying judicial intervention,"
including in plaintiff's claims regarding the Commission's
reliance on "testimony adduced" and not "the transcript" of the
proceedings, and in plaintiff's challenge to the authority of
the hearing officer, ALJ Spooner.  (*Id.* at 4.)

Plaintiff alleges in the Amended Complaint that, "the
relief she is seeking in the present action was not available to
her in the Article 78 proceeding."  (*Id.* ¶¶ 68-69.)  In the
Article 78 proceeding, plaintiff sought: "an order annulling the
decision of Respondent Commission and setting aside and
annulling the determination of Respondent Joseph Ponte;
reinstating her to her civil service position with seniority,
back pay and benefits; and for such other and further relief as
to this court may seem just and appropriate."  (ECF 26-1, Moy
Decl. Ex. A at 2.)

Plaintiff alleges that she was the victim of a scheme
by CSC, OATH, ALJ Spooner and Defendant Charles D. McFaul who,

> [O]perate[d] together to deprive hundreds of thousands
> of tenured city employees of their right to a fair due
> process hearing (before their employment is
> terminated), with the approval of the City of New
> York; by knowingly conducting Section 75 disciplinary
> hearings without lawful authority to do the same [and]
> by recommending penalties arbitrarily.

9

(*Id.* ¶ 70.) Merced also alleges that the City of New York conspired to allow Defendant McFaul to exceed his six-year term limit of appointment as a "reward" for ruling in favor of the city. (*Id.* ¶¶ 113-18.) This, plaintiff alleges, resulted in the excessive penalty of termination imposed on her, when the rules called for a maximum of loss of four days. (*Id.* ¶ 71.) Plaintiff also alleges that OATH, acting under color of law, deprived her of her liberty rights when it "uploaded and posted [her] personnel records and her disciplinary record, on the World Wide Web, in violation of Civil Rights Law § 50-a." (*Id.* at 173-176.)

Merced alleges that as a result of the unjust termination of her employment she suffers from physical ailments and embarrassment, and has found it difficult to find new employment. (*Id.* ¶¶ 140-44.) She asks this court to issue a decision ordering the following relief:

> a) Annulling the determination of Defendant JOSEPH PONTE that terminated her employment; and, b) Declaring Defendant CIVIL SERVICE COMMISSION's determination void; and, c) Reinstating Merced to her position as a tenured permanent correction officer; and, d) Awarding Merced back pay and benefits; and, e) Awarding Merced damages in the amount of two million dollars; and, f) Enjoining Defendant OATH to cease and desist from conducting Civil Service Law Section 75 disciplinary hearings and come in compliance with OATH's enabling legislation: NYC Charter § 1048; and, g) Enjoining Defendant OATH and Defendant City to remove Merced's personnel record, the report and recommendation of Defendant Spooner from the Internet; and, h) Declaring DOC Directive #7502 unlawful; and,

i) Declaring Defendant OATH's practice of keeping
Defendant John B. Spooner and other administrative law
judges there assigned beyond the five year term limit
prescribed by New York City Charter § 1049 unlawful;
and, j) Declaring Defendant John B. Spooner's
employment status on August 19, 2014 as an
administrative law judge with Defendant OATH pursuant
to former Charter § 1048(1)unlawful; and, k) For such
other and further relief as this Court deems just,
proper and equitable.

(*Id*. at 195.)

## II.  Legal Standard

"To survive a motion to dismiss pursuant to Rule
12(b)(6), a complaint must contain sufficient facts that if
accepted as true 'state a claim to relief that is plausible on
its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
A well-pleaded complaint must contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief, in order to give the defendant fair notice of what the
claim is and the grounds upon which it rests."  *Carson Optical
Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 252 (E.D.N.Y. 2016)
(citing *Twombly*, 550 U.S. at 555).  A complaint providing only
"labels and conclusions" or "a formulaic recitation of the
elements of a cause of action will not do."  *Twombly*, 550 U.S.
at 555.  A *pro se* complaint must be construed liberally to raise
the strongest claim it suggests.  *See Erickson v. Pardus*, 551
U.S. 89, 94 (2007).  However, it must still satisfy the same

pleading requirements and, "[b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss." *Wilson v. Dalene*, 699 F. Supp. 2d 534, 554 (E.D.N.Y. 2010) (citations omitted).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may refer to "documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (internal citations omitted); *see also Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 1993) (internal emphasis and citation omitted) (clarifying that "reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of a document on a dismissal motion; mere notice of possession is not enough.").

### III. Discussion

### a. Plaintiff's Claims Are Barred by *Res Judicata* and Collateral Estoppel

Plaintiff's claims are barred by *res judicata* and collateral estoppel. Plaintiff appealed her termination to CSC pursuant to N.Y. Civil Service Law § 76 in an administrative appeal wherein she challenged the OATH proceeding before ALJ

12

Spooner and her termination by Commissioner Ponte. A party is entitled to appeal a determination by an administrative agency of the city, by application to the CSC pursuant to Section 76 of the New York State Civil Service Law, or to a court, in accordance with the provisions of Article 78 of the Civil Practice Law and Rules, but not both. (*See* Compl., Ex. 5, at 62-63). If a party appeals to the CSC, "[t]he decision of such civil service commission shall be final and conclusive, and not subject to further review in any court." *Almanzar v. City of New York City Civil Serv. Comm'n*, 166 A.D.3d 522, 524 (N.Y. App. Div. 2018) (citing Civil Service Law § 76[3]). "Judicial review of administrative determinations pursuant to Article 78 is limited to questions of law." *Khan v. New York State Dep't of Health*, 96 N.Y.2d 879, 880 (N.Y. Ct. App. 2001). Specifically, a state court "is limited to reviewing whether the agency has acted illegally, unconstitutionally, or in excess of its jurisdiction." 166 A.D.3d at 524 (citing (*Matter of Griffin v. New York City Dept. of Correction*, 179 A.D.2d 585 (1st Dept. 1992).

Under the doctrine of *res judicata*, "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Whether or not the first judgment will have preclusive

effect depends in part on whether the same transaction of series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir. 2000) (citing *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir.1983)). To establish that *res judicata* applies, defendants must establish that, "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." (*Id.*) "The federal courts [] have also consistently accorded preclusive effect to issues decided by state courts." *Allen v. McCurry*, 449 U.S. at 95 (citations omitted).

"To determine whether collateral estoppel applies . . . we look to New York law." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (collecting cases). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Id*. (collecting cases).

14

Although federal courts have discretion to consider common law and general fairness principles is considering whether *res judicata* or collateral estoppel apply in relation to other federal courts' judgments, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Id.* at 96. "New York courts give quasi-judicial administrative fact-finding preclusive effect where there has been a full and fair opportunity to litigate." *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 45 (2d Cir. 2014) (quoting *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free School Dist.*, 411 F.3d 306, 311 (2d Cir. 2005)). This rule applies to findings made by administrative officers after conducting hearings, such as the section 75 hearings in which plaintiff participated before OATH. *Matusick*, 757 F.3d at 46 (citations omitted).

"Like a prior judicial finding of fact, in order to have preclusive effect over a subsequent fact-finding or legal analysis, a prior administrative determination must have resolved the identical issue, and the issue must have been actually and finally decided in the prior adjudication." *Id.* Further, failure to raise a constitutional claim before the CSC, which might prevent the New York State Supreme Court from reviewing that claim when raised in an Article 78 proceeding,

would still preclude a plaintiff from raising the constitutional claim in federal court. *Taylor v. New York City Transit Auth.*, 433 F.2d 665, 668 (2d Cir. 1970)(affirming district court's finding that res judicata and collateral estoppel precluded it from redeciding issues resolved in an Article 78 proceeding where the state court determined that failure to raise an issue in a CSC appeal precluded the state court from reaching it, and holding that such an adjudication by the state court is an adjudication on the merits).

Following her OATH hearing and subsequent termination, plaintiff has had multiple adjudications where she was provided with notice and opportunity to be heard. Both plaintiff's appeal to the Civil Service Commission and her Article 78 petition in New York state court have preclusive effect here and plaintiff's claims in the instant action are barred by *res judicata* and collateral estoppel.

### i. The CSC Appeal and Article 78 Petitions Were Adjudications on the Merits

For *res judicata* to apply, "(1) the previous action involved an adjudication on the merits." *Monahan*, 214 F.3d at 284–85. Plaintiff does not dispute that the CSC Appeal was an adjudication on the merits. Defendants argue that plaintiff's CSC Appeal and plaintiff's Article 78 petition against the Commission both were adjudications on the merits and both should

preclude her claims in this action. Plaintiff, however, claims that although the New York Supreme Court rendered a decision and entered judgment denying her relief in her Article 78 petition and denied her Motion for Reconsideration, her appeal, was, as a matter of law, never adjudicated by the Supreme Court. (Pl. Opp. at 1.) Merced alleges in her opposition that she "inadvertently failed to serve the notice of petition and petition on the Civil Service Commission or its Chair, Nancy Chaffetz, at the commencement of that action and, at no time during the life of that proceeding . . . . did any attorney ever serve her with any papers claiming to represent the Commission in that action." (Pl. Opp. at 8.)[4] Merced claims that as a result of her failure to properly serve the Article 78 Petition, the New York Supreme Court lacked jurisdiction to adjudicate the Article 78 Petition that Merced litigated before the New York Supreme Court. (*Id*. at 8-9.) Merced presented this same argument to the Supreme Court of New York in her Motion for Reconsideration of the order denying her Article 78 Petition. (*See* Pl. Opp. at 27.) The court rejected her argument, and her motion for reconsideration was denied. Denial of Motion for Reconsideration, *Nakkia Merced v. N.Y.C. Civil*

---

[4] The public docket for the New York Supreme Court Case indicates that CSC was represented by New York City Corporation Counsel, a fact of which this court properly takes judicial notice.

17

*Service Comm'n*, Index No. 101833/15 at 3 (Sup. Ct., N.Y. Cty., June 21, 2018).

The CSC Appeal was an adjudication on the merits. On appeal, plaintiff directly challenged the OATH hearing and process, the Report and Recommendation issued by ALJ Spooner, and the decision of Commissioner Ponte that affirmed the Report and Recommendation and terminated her employment. (Compl., Ex. 5, New York City Civil Service Commission Decision, at 63.) The CSC panel reviewed the facts of her case and the record. (*Id.* at 63-64.) The only arguments plaintiff has made against the application of *res judicata* or collateral estoppel to the CSC decision are conclusory and circular. Essentially, she argues that the CSC did not review the transcript of the proceedings, because if it had, the CSC could not have reached a conclusion that was not in her favor. (Compl. ¶¶ 61-64.)

First, plaintiff's argument disregards the fact that one of the judges on the three-judge panel dissented from the decision to terminate plaintiff's employment. (Ex. 5, New York City Civil Service Commission Decision, at 63-4.) Second, even if the final determination were incorrect as a matter of law, it remains an adjudication on the merits. State courts typically accord CSC appeals preclusive effect pursuant to *res judicata*, with a narrow exception for Article 78 review. *See New York City Dep't of Envtl. Prot. v. New York City Civil Serv. Comm'n*,

579 N.E.2d 1385, 1386 (Ny. Ct. App. 1991) (affirming judgment of the Appellate Division First Department according a CSC determination preclusive effect where the state court did not find that the determination was illegal, unconstitutional or outside the CSC's jurisdiction); *Agbai v. New York City Civil Serv. Comm'n*, 150 A.D.3d 443, (N.Y. App. Div. May 9, 2017). It is firmly established that where state courts would accord a decision preclusive effect, federal courts should do the same. "Indeed, . . . Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. at. at 96; see also A*lmanzar v. City of New York*, No. 16-CV-02696, 2017 WL 4330375, at *6 (S.D.N.Y. Sept. 27, 2017).

The denial of plaintiff's Article 78 petition was an adjudication on the merits. In its Decision and Order, the New York Supreme Court rejected plaintiff's arguments, and held that plaintiff "fail[ed] to raise any constitutional grounds justifying judicial intervention." (*See* Decision and Order, Exhibit A to Moy Reply Decl., at p. 3.) Specifically, the Supreme Court determined that CSC's review of plaintiff's termination was not constitutionally deficient, stating, "[t]here is no constitutionally cognizable difference in the Commission's reliance upon 'testimony adduced' rather than the

19

'transcript' of the proceedings." (*Id.*)  The state court also
found that plaintiff's "challenge to the authority of the
hearing officer [ALJ Spooner], of which she never complained at
any stage of the proceeding until the proceeding at bar, is also
inapposite." (*Id.*)  It is established that an Article 78
proceeding "constitutes a wholly adequate post-deprivation
hearing for due process purposes." *Locurto v. Safir*, 264 F.3d
154, 175 (2d Cir. 2001) (citing *Hellenic Am. Neighborhood Action
Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996)) .
In the Article 78 proceeding, the New York Supreme Court
reviewed plaintiff's petition on the merits and denied plaintiff
relief, a clear adjudication on the merits. *Bray v. New York
Life Ins.*, 851 F.2d 60, 63-64 (2d Cir. 1988) (holding that, in
an Article 78 proceeding, even an adjudication on statute of
limitations grounds, without reaching the substantive merits of
the claims brought, was an adjudication on the merits and
precluded the claims).

Plaintiff's argument that her Article 78 Petition was
never adjudicated because the New York Supreme Court lacked
jurisdiction over the CSC and Nancy Chaffetz, two of the named
defendants, also fails.  First, plaintiff lacks standing to
challenge personal jurisdiction as to defendants that she named
as defendants but failed to serve.  Plaintiff challenged
personal jurisdiction for the first time in a Motion for

Reconsideration filed May 18, 2018, after her Article 78
Petition was denied.  The CSC and Nancy Chaffetz appeared and
opposed plaintiff's Article 78 Petition, had standing to do so,
and did not challenge personal jurisdiction on that ground.
Although improper service precluding personal jurisdiction is a
valid defense to an action, any such objection can be waived.
"An objection that the summons and complaint, summons with
notice, or notice of petition and petition was not properly
served is waived if, having raised such an objection in a
pleading, the objecting party does not move for judgment on that
ground within sixty days after serving the pleading, unless the
court extends the time upon the ground of undue hardship."  N.Y.
C.P.L.R. 3211.  No objection to personal jurisdiction was filed
in this case, as occurred in those cases cited by plaintiff.

        The state court denied plaintiff's motion for
reconsideration, holding, "Respondents are correct that
petitioner completely misapprehends the law when she grounds the
herein motion on her own purported failure to effectuate service
upon the respondents."  *See* Decision and Order, in the matter of
*Nakkia Merced v. N.Y.C. Civil Service Comm'n, Index No*.
101833/15 (Sup. Ct., N.Y. Cty. August 15, 2018).  The court
found that it properly exercised its jurisdiction over the
defendants in the state court action.  To the extent plaintiff
disagreed with the determination regarding her Motion for

21

Reconsideration, plaintiff had an adequate remedy at law—review by a state appellate court. Further, plaintiff commenced the Article 78 Petition against ten separate defendants. Plaintiff only alleges that two of the ten defendants were not served and makes no allegations and submits no evidence showing that the state court lacked jurisdiction over the remaining eight defendants or that the April 18, 2018 decision and order was not an adjudication on the merits as to those nine defendants.

Consequently, the decision entered by the three-judge panel in the CSC appeal and the decision of the New York Supreme Court in the memorandum and order denying the Article 78 petition both constitute adjudications on the merits.

### ii. The CSC Appeal and Article 78 Petition Involved Plaintiff or Those in Privity with Plaintiff

For *res judicata* to attach, "the previous action [must have] involved the plaintiffs or those in privity with them." *Monahan*, 214 F.3d at 284–85. Plaintiff initiated the instant action, the CSC appeal and the Article 78 Petition. As such, the second requirement is met. Plaintiff now alleges that Koehler & Isaacs, LLP, who was retained by her union to represent her at the OATH hearing and on appeal, filed an appeal on her behalf to CSC, without first informing plaintiff of her right to appeal directly to the courts under CPLR Article 78. (Compl. ¶ 56.) Plaintiff also alleges that the attorney who

represented her failed to contest OATH's jurisdiction or raise any valid defenses on appeal because he was working with the City Defendants as part of a larger scheme to deprive her of due process of law. (*Id.* ¶¶ 59- 60.) Plaintiff, however, was on notice that an appeal pursuant to CPLR Article 78 was available to her, as the determination terminating her employment specifically informed plaintiff of her right to appeal, stating, "Under the provision of Section 76 of the Civil Service Law, you are entitled to appeal from this determination by application either to the Civil Service Commission or to a court in accordance with the provisions of Article 78 of the Civil Practice Law and Rules," and emphasizing that, "a decision of the Commission is final and conclusive." (Compl., Ex. 4, at 59.) Further, plaintiff does not deny that she participated in the CSC appeal, she only alleges that she was not aware of another appeal available to her. (*Id.*) Plaintiff, however, does not contest that she initiated the Article 78 proceeding *pro se*, and participated meaningfully in its litigation, including challenging the adverse determination in a motion for reconsideration. As such, the CSC appeal, Article 78 proceeding and the bringing of the instant action all involved plaintiff.

       iii. The Claims Asserted in the Instant Action Were,
           or Could Have Been, Raised in the
           <u>CSC Appeal And Article 78 Petition</u>

      Finally, to establish that *res judicata* applies*,*

defendant must show that "the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 284-85. "Res judicata . . . is not limited to only claims that were actually litigated . . . . [r]ather, it bars all legal claims that a party could have raised in the prior litigation." *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00-CV-2800, 2006 WL 3833440, at *19 n. 23 (S.D.N.Y. Dec. 29, 2006). Plaintiff's Article 78 petition requested her reinstatement to her former position in the DOC, argued that ALJ Spooner was not authorized to conduct her pre-termination hearing, argued that the CSC violated N.Y. Civil Service Law § 76 when it reviewed plaintiff's appeal, and alleged violation of her Fourteenth Amendment due process rights. (*See Generally* ECF No. 26-1, Moy Decl., Ex. B, Verified Petition; Compl.) The state court was authorized to, and did, review whether the relevant agency "acted illegally, unconstitutionally, or in excess of its jurisdiction," *Almanzar,* 166 A.D.3d at 524 (citation omitted), and in denying plaintiff's petition, necessarily decided those three questions in favor of the agency. The state court denied plaintiff the same relief she seeks here and affirmed the decision of the CSC. *See* Decision & Order, *Nakkia Merced v. N.Y.C. Civil Service Comm'n*, Index No. 101833/15 (Sup. Ct., N.Y. Cty. April 18, 2019). In her CSC appeal, plaintiff challenged the administrative hearing before

24

ALJ Spooner, his Report and Recommendation and her termination by Commissioner Ponte, who relied on the Report and Recommendation. (*See* ECF No. 26-1, Moy Decl. Ex. B, *New York City Civil Service Commission Decision* at 17-18.)

The only claim at issue in the instant case that was not specifically raised in either the CSC appeal or Article 78 proceeding is plaintiff's state law claim that defendant, OATH, violated state privacy laws and the United States Constitution by posting the OATH Report and Recommendation online. To the extent plaintiff failed to raise any of the specific claims raised herein, despite the opportunity to do so in the Article 78 proceedings, those claims are precluded. *Quadrozzi Concrete Corp. v. City of New York*, 149 F. App'x 17, 18 (2d Cir. 2005) ("[h]aving opted not to include those claims in its Article 78 petition, Quadrozzi cannot assert them in federal court"). Plaintiff was able to raise constitutional issues in the Article 78 proceedings, but neglected to include a claim regarding the alleged violations of her constitutional and privacy rights stemming from the posting of the Report and Recommendation. As such plaintiff is precluded, in the instant action, from seeking relief from the online publishing of the OATH Report and Recommendation, under the doctrine of *res judicata*.

iv. Plaintiff's Claim is Collaterally Estopped as Identical Issues Were Raised and Necessarily <u>Decided in the Article 78 Petition</u>

Plaintiff is collaterally estopped from relitigating the issues presented in the Amended Complaint in the instant action. As described in detail above, plaintiff's Article 78 Petition raised all but one of the same substantive constitutional claims that are now raised in the instant action. The state court clearly indicated that that it found plaintiff's contentions to be without merit, and, as explained by the Second Circuit in *Dolan*, "subsumed within these holdings was the factual determination that defendants did not terminate [appellant] based on any of the impermissible motives described in his pleadings and submissions." *See Dolan v. Roth*, 170 F. App'x 743, 746 (2d Cir. 2006) (affirming dismissal plaintiff's claims for retaliatory termination based on collateral estoppel). Plaintiff's claims were raised and necessarily and actually decided in the Article 78 proceeding, and plaintiff is collaterally estopped from pursuing them in the instant case.

**b. Plaintiff Failed to Plausibly Allege a Violation of Due Process Under 42 U.S.C § 1983**

Assuming, *arguendo*, that plaintiff's claims are not preempted or barred by *res judicata*, plaintiff's allegations fail to state a claim upon which relief can be granted as

26

plaintiff insufficiently pleaded a Section 1983 claim for violation of due process.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).  "Naked assertions and legal conclusions will not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  To state a claim pursuant to Section 1983 plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted).  Plaintiff has not sufficiently alleged that her pre-termination hearing was conducted in violation of Section 1983 or otherwise violated her due process rights.  Further, even if her pre-termination hearing failed to provide adequate process, plaintiff's due process claim fails as New York's Article 78 proceeding provides an adequate post-deprivation remedy for the CSC determination.

It is well-established that an Article 78 proceeding "constitutes a wholly adequate post-deprivation hearing for due process purposes," where the plaintiff alleges that state officials terminated her employment in a manner unauthorized by

law.  Accordingly, plaintiff has failed to adequately plead
that her pre-termination hearing and Article 78 proceeding
violated due process.   *Locurto v. Safir*, 264 F.3d 154, 175 (2d
Cir. 2001) (citing *Hellenic Am. Neighborhood Action Comm. v.
City of New York*, 101 F.3d 877, 881 (2d Cir. 1996)).  To state
a cause of action pursuant to Section 1983 for termination of
employment, "a plaintiff must first identify a property right
[in the employment], [and] second show that the [government]
has deprived him of *that* right, and third show that the
deprivation was effected without due process."  *Almanzar v.
City of New York*, No. 16-CV-02696, 2017 WL 4330375, at *6
(S.D.N.Y. Sept. 27, 2017) (citing *J.S. v. T'Kach*, 714 F.3d 99,
105 (2d Cir. 2013)).   The Second Circuit has recognized that
N.Y. Civil Service Law § 75 "gives covered employees a property
interest in their employment."  *Ciambriello v. Cty. of Nassau*,
292 F.3d 307, 313 (2d Cir. 2002) (quoting *O'Neill v. City of
Auburn*, 23 F.3d 685, 688 (2d Cir. 1994)).  Plaintiff, however,
cannot show that the deprivation took place without due process
as (1) she alleged that "state officials acted in flagrant
violation" of the law, (Compl. ¶¶ 38-51), and (2) she was able
to seek relief in an Article 78 proceeding where the state
court was authorized to review her termination for
constitutional violations and illegality.  *Hellenic Am.
Neighborhood Action Comm.*, 101 F.3d at 881.

In *Hellenic*, the Second Circuit reversed and remanded a decision granting a motion for preliminary injunction and allowed the litigation to proceed, where the plaintiff initially took an administrative appeal from the termination of its contracts, and then filed an Article 78 Petition challenging the termination of its contracts with the City of New York that was later denied.   *Id.* at 879.  Like the plaintiff in the instant action, the *Hellenic* plaintiff initiated an action in federal court while its Article 78 proceeding was still pending.  *Id.*  The Second Circuit held that absent a showing of an established state procedure leading to the alleged unconstitutional termination, "an Article 78 proceeding is a perfectly adequate post deprivation remedy," and, therefore, the plaintiff was not deprived of property without due process of law.  *Id.* at 881; *accord, Chase Grp. All. LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 153 (2d Cir. 2010); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988).  This held true even where a Section 1983 action could provide relief not available in an Article 78 Petition.  *See* 101 F.3d at 881.  Under the Fourteenth Amendment, "procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards."  *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 212 (2d Cir. 2002)

29

(citation omitted); *see also Cleveland Bd. Of Educ. v.*
*Loudermill*, 470 U.S. 532, 546 (1985) ("The tenured public
employee is entitled to oral or written notice of the charges
against him, an explanation of the employer's evidence, and an
opportunity to present his side of the story."); *Giglio v.*
*Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984). "[I]f the state
affords a remedy for alleged violations of due process, the
plaintiff may not complain about the sufficiency of a due
process remedy by singling out one stage in the administrative
proceedings and ignoring the rest of the array of procedures
available to him." *Munafo*, 285 F.3d at 213 (citation omitted).
To require more than those basic guarantees prior to
termination, "would intrude to an unwarranted extent on the
government's interest in quickly removing an unsatisfactory
employee." *Loudermill*, 470 U.S.at 546.

Plaintiff's Amended Complaint makes clear that
defendant was not deprived of due process. The OATH pre-
termination process provided her with notice of the charges she
faced, the evidence underlying those charges and an opportunity
to be heard at an administrative hearing where her counsel was
able to present evidence on her behalf and challenge the
evidence adduced against her. (*See* Compl. ¶ 27; Compl., Ex. 3
at 1.) This process satisfies due process. "When the minimal

due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations." *McDarby v. Dinkins*, 907 F.2d 1334,1337-38 (2d Cir. 1990).

Although plaintiff alleges the process was a nullity as "the failure to designate a hearing officer for a disciplinary hearing in writing . . . is a jurisdictional defect that renders the hearing officer's determination null and void," *see Hopton v. Ponte*, 149 A.D.3d 739, 739 (N.Y. App. Div. 2017), the court need not reach the allegation. Plaintiff had sufficient post-termination process available to her in her CSC appeal and Article 78 proceeding. (*See* Compl. ¶¶ 56-57; Compl., Ex. 5.) The court finds, however, that, like the plaintiff in *Bey v. City of New York Dep't of Fin.*, plaintiff's claim that ALJ Spooner lacked jurisdiction is unsupported by any plausible factual averments. No. 12-CV-364, 2012 WL 441258, at *2 (E.D.N.Y. Feb. 10, 2012). "Although plaintiff claims that . . . the named ALJ[] do[es] not have jurisdiction over the unidentified proceedings, . . .[s]he fails to identify any jurisdictional defect in the ALJs' appointments or their handling of the matter." (*Id*.) As defendant's note in their reply, "the documents *plaintiff* attached in support of her

claims instead support the inference that ALJ Spooner, like all other ALJs, was properly designated to preside over plaintiff's termination hearing." (Def. Reply at 10 (citing Compl. ¶¶ 46, 148; Compl. Ex. 4, Termination Notice, at 59(noting that ALJ Spooner was "duly designated to conduct a disciplinary hearing on the charges and specifications listed).)

Further, it is established that administrative law judges are authorized to conduct pre-termination hearings for city agency employees. In *Stapleton v. Ponte*, the New York Supreme Court determined that a 1992 letter authorizing Administrative Law Judges, including ALJ Spooner, to conduct pre-termination hearings for correction officers was still in effect. (Moy Reply Decl., Ex. B., Decision and Order, *in the matter of Stapleton v. Ponte*, Index No. 7533/2014 (Sup. Ct., Queens Cty. Dec. 10, 2014)); *see also Stapleton v. Ponte*, No. 17-CV-00514, 2018 WL 1545686, at *4 (E.D.N.Y. Mar. 28, 2018) (holding that plaintiff's claim that ALJ Spooner was not authorized to conduct an OATH Hearing was necessarily decided in the state court Article 78 proceeding, where the state court held "Administrative Law Judge John B. Spooner, had the authority and jurisdiction to conduct the subject administrative hearing and make recommendations thereon").

The OATH proceeding provided plaintiff with notice

and an opportunity to be heard.  Then, plaintiff appealed to

CSC and filed an Article 78 Petition in state court challenging

her termination, providing her with two additional full and

fair opportunities to be heard, with notice.  (*See* Compl. ¶¶

56-57; Compl., Ex. 5; Compl. ¶ 68; Moy Decl., Ex. A, Verified

Petition.)   Accordingly, no other process is required to

satisfy the Due Process Clause of the Fourteenth Amendment.

Plaintiff cannot plausibly allege facts supporting her due

process claims, and the claims are dismissed with prejudice.

### c. Plaintiff Failed to State a Claim for Municipal Liability

Assuming arguendo that plaintiff's claims are not

precluded by res judicata or collateral estoppel, plaintiff

fails to allege adequate facts to state a cause of action

against the City of New York.  To state a claim for relief

under Section 1983 against a municipal defendant, plaintiff

must show that the municipality (1) adopted an official custom

or policy that, (2) caused injury to plaintiff.  *Monell v.*

*Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Jones v. Town*

*of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012).  A policy or

custom may be established by:

> (1) a formal policy officially endorsed by the
> municipality; (2) actions or decisions made by
> municipal officials with decision-making authority;
> (3) a practice so persistent and widespread that it
> constitutes a custom through which constructive
> notice is imposed upon policymakers; or (4) a failure

33

by policymakers to properly train or supervise their
subordinates, such that the policymakers exercised
"deliberate indifference" to the rights of the
plaintiff.

*Moran v. Cnty. of Suffolk*, No. 11-CV-3704, 2015 WL 1321685, at
*9 (E.D.N.Y. Mar. 24, 2015) (citing *Parker v. City of Long
Beach,* 563 F. App'x 39 (2d Cir.2014) (summary order), *as
amended,* (Apr. 21, 2014); *Monell,* 436 U.S. at 691 (finding
that "a municipality cannot be held liable under § 1983 on a
*respondeat superior* theory"); *Matusick v. Erie Cnty. Water
Auth.,* 757 F.3d 31, 62 (2d Cir. 2014); *Schnitter v. City of
Rochester,* 556 F. App'x 5, 8 (2d Cir. 2014) (summary order);
*Missel v. Cnty. of Monroe,* 351 F. App'x 543, 545 (2d Cir.
2009) (summary order).

Plaintiff alleges that, "Defendant City of New York,
acting under color of law, deprived Merced of her property and
liberty rights in her tenured civil service position without
due process of law under the Fourteenth Amendment to the U.S.
Constitution." (Compl. at 192.) Plaintiff's conclusory
allegations are insufficient to establish either a violation
of plaintiff's constitutional rights, or that a violation
derived from an official policy or custom of the City of New
York. *See Missel v. County of Monroe*, 351 F. App'x 543, 545
(2d Cir. 2009) ("'[B]oilerplate' assertions that a
municipality has such a custom or policy, which resulted in a

deprivation of the plaintiff's rights, do not rise to the level of plausibility."). Insofar as plaintiff conclusorily alleges that the City of New York, OATH administrative law judges and the Civil Service Commission worked together to minimize the number of city employees eligible for pension payments, plaintiff has failed to plausibly allege any underlying constitutional violation stemming from the conspiracy.

Plaintiff has not plausibly alleged that her termination "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the City's] officers," and thus has not adequately alleged a claim against the City. *Radin v. Tun*, No. 12-CV-1393, 2015 WL 4645255, at *9 (E.D.N.Y. Aug. 4, 2015) (citing *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 (1978)); *Dudley v. Meekins,* No. 13 Civ. 01851, 2013 WL 1681898, at *4 (E.D.N.Y. Apr. 17, 2013)). As plaintiff has failed to establish a violation of her constitutional due process rights stemming from her termination, those claims are properly dismissed.

### d. Defendants DOC, OATH and the CSC Are Non-Suable Entities

Assuming arguendo that plaintiff's claims are not precluded, plaintiff's claims against DOC, OATH and the CSC must

be dismissed.  Municipal Agencies cannot be sued independently. *Jenkins v. City of New York*, 478 F.3d 76, 93 n. 20 (2d Cir. 2007); *Waltenberg v. New York City Dep't of Correction*, 376 F. Supp. 41, 43-44 (S.D.N.Y. 1974) ("Insofar as the defendant Department of Corrections is concerned, it is merely one of several departments and agencies that comprise the municipality of the City of New York and as such is not a 'person' within the meaning of 42 U.S.C. § 1983 . . . .").  "The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law . . . . [and] [c]ourts routinely dismiss actions against the DOC for this reason."  *Almanzar*, 2017 WL 4330375, at *3 (collecting cases) (citations and quotations omitted); *see also Meehan v. Kenville*, 555 F. App'x. 116, 117 (2d Cir. 2014) (summary order) (affirming district court's dismissal of claims against the New York DOC for "failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality").  Accordingly, plaintiff's claims against DOC, OATH and CSC fail to state a claim on which relief may be granted.

### e. Defendants Spooner, Chaffetz, McFaul, Washington, and Ponte Are Entitled to Absolute Immunity

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (collecting cases). Judicial immunity is conferred in order to insure independent exercise of judicial authority without fear of facing suit in a personal capacity. *Id*. (*citing Bradley v. Fisher*, 80 U.S. 335, 347, 20 L.Ed. 646 (1871)) (quotations omitted). "Thus, even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (collecting cases). Judicial immunity extends beyond appointed Article 3 judges and other elected or appointed judicial officers. "[Absolute] immunity also extends to administrative officials performing functions closely associated with the judicial process because the role of the hearing examiner or administrative law judge . . . is 'functionally comparable' to that of a judge." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (collecting cases); *Nash v. Califano,* 613 F.2d 10, 15 (2d Cir.1980) (citing *Butz v. Economou*, 438 U.S. 478, 479, (1978))(affirming determination of district court and holding that "ALJs enjoy absolute immunity from liability in damages for actions taken in their quasi-judicial capacity").

Plaintiff's claim against ALJ Spooner is based on the

findings in his Report & Recommendation made pursuant to his adjudicative role at the OATH hearing. Her claim against former DOC Commissioner Ponte is based on his decision to terminate plaintiff based on ALJ Spooner's Report and Recommendation, and plaintiff's claim against CSC Commissioners Chaffetz, McFaul, and Washington is based on their affirmance of former commissioner Ponte's decision on appeal. As such, plaintiff's claims based on their determinations in those proceedings are barred by absolute immunity.[5] Like the plaintiff in *Bey v. City of New York Dep't of Fin.*, plaintiff's claim that ALJ Spooner lacked jurisdiction is unsupported by plausible factual allegations. No. 12-CV-364, 2012 WL 441258, at *2 (E.D.N.Y. Feb. 10, 2012). "Although plaintiff claims that . . . the named ALJ[] do[es] not have jurisdiction over the unidentified proceedings, . . .[s]he fails to identify any jurisdictional defect in the ALJs' appointments or their handling of the matter." (*Id.*) Instead, she consulorily alleges that the designation letter granting OATH authority to conduct § 75 disciplinary hearings is a fraud. (Compl. at ¶¶ 147-150.)

---

[5] "[T]he doctrine of quasi-judicial immunity . . . bars claims against administrative law judges . . . performing judicial functions." *See Berlyavsky v. N.Y.C. Dep't of Envtl. Prot.*, No. 14-CV-03217(KAM), 2015 U.S. Dist. LEXIS 133647, at *53 (E.D.N.Y. Aug. 28, 2015)(dimissing claim's against ALJs based on their determinations at OATH hearings).

**f. Plaintiff Has Failed to State A Claim That the Publication of the OATH Report and Recommendation Violated Her Rights Under NY Civil Rights Law § 50-a**

Assuming, *arguendo*, that plaintiff's claims regarding the OATH Report and Recommendation are not barred by *res judicata*, Plaintiff's state law claim that OATH's publication of ALJ Spooner's Report and Recommendation violated New York Civil Rights Law § 50-a, is barred for failure to submit a notice of claim. (Am. Compl. ¶ 173). Under New York law, a party asserting a tort claim against a public corporation must serve a notice of claim "within ninety days after the claim arises." N.Y. Gen. Mun. Law § 50-e(1)(a).

> The notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable.

N.Y. Gen. Mun. Law § 50-e(1)(2).

It is well established, "that in a federal court, state notice-of-claim statutes apply to *state*-law claims. *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999) (citing *Felder v. Casey,* 487 U.S. 131, 151 (1988).) "The notice of claim

must set forth, *inter alia,* the nature of the claim, and
must be filed within ninety days of when the claim arises."
*Id.* (citing N.Y. Gen. Mun. Law § 50-e). Further, under
New York law, a plaintiff must plead in the complaint that:
"(1) the plaintiff has served the notice of claim; (2) at
least thirty days have elapsed since the notice was filed
(and before the complaint was filed); and (3) in that time
the defendant has neglected to or refused to adjust or to
satisfy the claim." *Id.* (citations omitted).

Plaintiff alleges that ALJ Spooner's OATH Report
and Recommendation is a part of her personnel record and
was disseminated on OATH's website in violation of New York
Civil Rights Law § 50-a, thereby infringing upon
plaintiff's liberty right to obtain new employment. (Am.
Compl. at ¶¶ 173-81.) Plaintiff brought the instant action
on August 21, 2017. Nowhere in the Amended Complaint,
however, or in plaintiff's Opposition to the Motion to
Dismiss, does plaintiff allege that she filed a notice of
claim to meet that condition precedent to bringing a claim
against the City of New York or any of its municipal
agencies. Accordingly, plaintiff's claim must be
dismissed. *See Almanzar*, 2017 WL 4330375, at *4.

### IV.  Conclusion

The court has considered plaintiff's remaining allegations and arguments and finds them without merit.  For the foregoing reasons, defendant's Motion to Dismiss is granted and the Amended Complaint is dismissed with prejudice.  District courts typically shall not dismiss a *pro se* complaint without granting leave to amend.  *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000)).  Leave to amend shall not be granted, however, when it would be futile.  *Id.*  As the Amended Complaint provides no basis on which relief may be granted, leave to amend is not granted.  The Clerk of Court is respectfully directed to enter judgment, serve a copy of this Memorandum and Order and the judgment on the *pro se* plaintiff, and note service on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
      March 13, 2019

                                      /s/
                                  KIYO A. MATSUMOTO
                                  United States District Judge
                                  Eastern District of New York